UNITED STATES of America,
Plaintiff-Appellant,

v.

Eduardo SANTA–LARA, Alfonso Casta-
no-Millan, Felix De Avila-Mendoza,
Yamil Gomez-Blanquicet, Luis Gomez-
Salgado, Domingo Guerreo-Pitalua,
Maximo Jaraba-Caicedo, Adelmo Ma-
jorda-Burbano, Hernan Palomino, De-
fendants-Appellees.

No. 84–5957
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 3, 1986.

Stanley Marcus, U.S. Atty., Ronald Shur,
Linda Collins Hertz, Sonia Escobio O'Don-
nell, Asst. U.S. Attys., Miami, Fla., for
plaintiff-appellant.

Luis Fernandez, Miami, Fla., for defend-
ants-appellees.

Before RONEY and HATCHETT, Circuit
Judges, and HENDERSON, Senior Circuit
Judge.

PER CURIAM:

The sole issue in this Government appeal
from the dismissal of a marijuana indict-
ment is whether the district court correctly
held that it lacked subject matter jurisdic-
tion because the marijuana-laden vessel
was not within the customs waters of the
United States when it was seized.

Two recently decided cases in this Cir-
cuit, not available to the district court, indi-
cate that the district court applied incorrect
law in dismissing the indictment. We,
therefore, vacate and remand for further
proceedings in light of *United States v.
Romero-Galue,* 757 F.2d 1147 (11th Cir.
1985) and *United States v. Gonzalez,* 776
F.2d 931, 933 (11th Cir.1985).

VACATED AND REMANDED.

HATCHETT, Circuit Judge, specially
concurring:

I specially concur, as I have done previ-
ously in the *Romero-Galue* line of cases.
Based on *Romero-Galue,* 757 F.2d 1147
(11th Cir.1985), the court has now decided
in at least three other cases that informal
communication, by radio, teletype, or the
like, constitutes an "other arrangement"
within the meaning of 19 U.S.C. § 1401(j).
*See United States v. Gonzalez,* 776 F.2d
931 at 933 (11th Cir.1985); *United States v.
Bent-Santana,* 774 F.2d 1545, 1548 (11th
Cir.1985); *United States v. Salvat,* 779
F.2d 58 (11th Cir.1985).

Because 21 U.S.C. § 955a(c), the statute
under which these defendants were convict-
ed, incorporates the definition of customs
waters in section 1401(j), this circuit's con-
struction of "other arrangement" has be-
come the basis for sustaining indictments
against drug smugglers apprehended pur-
suant to informal agreements by the Coast
Guard with their flag countries. Under
this circuit's law, if the officer of a Coast
Guard vessel is able to reach some official
in a foreign country who will give consent
to jurisdiction over a foreign vessel, the
waters around the vessel instantly become
"customs waters." Under the same ratio-
nale, if communications difficulties should
frustrate the effort to establish contact
with someone in the foreign country, the
waters around the vessel presumably
would never be transformed into "customs
waters."

In my special concurrence in *Gonzalez,* I
described my reasons for concluding that
Congress did not intend the criminal juris-
diction of the United States to depend on
occasional consent by representatives of
foreign nations.

In urging this circuit to consider more
carefully congressional intent in enacting
section 955a(c), I respectfully note my dis-
agreement with the statement in the recent
case, *Bent-Santana,* that "at least four
other circuits ... have held that verbal or
written consent conveyed by the country of

the vessel's flag constitutes an agreement sufficient to place [a] vessel in the customs waters of the United States." At 1549. In *United States v. Loalza-Vasquez,* 735 F.2d 153, 156 (5th Cir.1984), the court affirmed two conspiracy counts on a holding that a reasonable-minded juror could conclude from the evidence that the destination of the vessel involved was the United States. On the possession count, the court held that the district court did not commit clear error in admitting testimony that a teletype was received and allowing the government to submit certified copies of two of the messages to show consent. 735 F.2d at 157. Concededly, the court refers to "the ultimate issue of jurisdiction" and affirms the convictions. 735 F.2d at 158. But the vital issues of statutory construction were apparently not raised. Thus, *Loalza-Vasquez* cannot fairly be said to stand for a well-considered decision by the Fifth Circuit to construe "other arrangement" as this circuit has. The treatment in *United States v. Streifel,* 665 F.2d 414 (2d Cir. 1981) of this issue is acknowledged in the *Bent-Santana* opinion to be *dictum. See Bent-Santana,* At 1549. Both *United States v. Green,* 671 F.2d 46, 51 (1st Cir. 1982), *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352 (1982), and *United States v. Dominguez,* 604 F.2d 304, 308 (4th Cir.1979), *cert. denied,* 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 644 (1980), involve another statute. These two cases construe the meaning of "special arrangement" in 19 U.S.C. § 1581(h), which authorizes boarding and search to enforce the laws of the United States, but which does not independently create criminal liability, as does section 955a(c). Moreover, a "special arrangement" is a means for searching vessels *without* the customs waters of the United States." *Green,* 671 F.2d at 52 (citing 19 U.S.C. § 1587(a)) (emphasis added).

No other circuit has had the issue of the proper construction of section 955a(c) placed squarely before it. I urge the en banc court to take the lead in providing a

sound construction of the meaning of "customs waters" in section 955a(c).